STOULIG, Judge.
Plaintiff, Olympic Electric Service, Inc. (Olympic), was awarded a judgment of $926.16 against the defendant, Herbie Mills, doing business as Crest Air-Conditioning and Heating Co. (Crest). Defendant appealed suspensively, claiming that the judgment is not supported by admissible evidence.
The uncontroverted testimony reflects that, for several years prior to filing suit, defendant engaged the plaintiff to provide electrical services (including labor and materials) for air-conditioning and heating systems defendant had installed. Plaintiff only quoted prices in advance if Crest made a specific request. Of the 19 unpaid invoices upon which plaintiff predicates this claim, we note only one billing exceeds $100. In a photocopy of defendant’s ledger account, attached to and made part of its petition, plaintiff itemizes each contract by residential address and notes payment received on each. Defendant’s answer contained only a general denial and did not set forth any special defenses or pleas. During the course of the trial the defendant admitted that the plaintiff performed the work forming the basis of the petition [1] and did not dispute the amount claimed was unpaid.
Mills did complain in general terms that two of the numerous jobs for which payment is sought in this suit were defective[2] without tendering proof of the cost of remedial work or the alleged defective performance. Maurice Roques, plaintiff’s president, testified that all complaints were adjusted immediately, and the only basis that the defendant urged for the nonpayment of his account was that he did not have the money.
Roques itemized the unpaid amounts due on the account and numerous invoices were introduced to support his testimony. Defendant maintains since Roques did not in each instance personally perform the work or supervise its performance that he was not competent to testify concerning the work covered by the unpaid invoices. Roques stated that though he did not prepare the invoices he did prepare the statements rendered to the defendant. He testified the plaintiff is a small concern employing 8 to IS persons and that he either supervised the performance of the work or checked the quality of workmanship after its performance. Further he stated the invoices were in varying small amounts which would not economically justify the plaintiff having all of its employees present in court for the purpose of identifying each particular invoice. In some instances, the work being so minimal, it would not address itself to the independent recollection of the employee. Unquestionably plaintiff’s president exercised a closer supervision and control over the performance of its employees’ work than is normally exercised by a corresponding officer in a larger concern.
We are of the opinion that the ledger entries and the invoices rendered were the normal entries made during the regular course of plaintiff’s business free of any suspicion of having been made in anticipation of litigation. Assuming ar-guendo, as the defendant contends, that such entries are not entitled to this classification, they would still be admissible as corroborative evidence of the testimony of plaintiff’s president and of the defendant’s admission made in open court that the services had been performed.
In summary we conclude defendant’s admission of the indebtedness and his failure
*276 to establish defective workmanship is, in itself, sufficient to support the judgment.
Accordingly, the judgment appealed from is affirmed; costs of this appeal to be borne by appellant.
Affirmed.

. Mills testified: “To save some time we did work on all of these jobs that you have listed as evidence.”

. Mills claimed to encounter a problem at 3904 Haring Road, for which he was billed $12.50, and at his own home, for which he was charged $122.40.