SCHOTT, Judge.
Plaintiff’s suit for $856.62 was based upon a number of invoices for automotive *841 and air-conditioning repairs and wrecker and storage charges. Defendant answered with a general denial, raising no affirmative defenses. The trial consisted only of the testimony of the parties and plaintiff’s invoices, after which the trial judge dismissed plaintiff’s suit giving the following reasons for judgment:
“There was diametrically opposed testimony on each and every item of repair. As these proceedings will reveal, only two witnesses testified; the Plaintiff and the Defendant, both of whom testified with equal sincerity.
“Accordingly, the Court concludes that the Plaintiff failed to carry the burden of proof, as required by law. Therefore, Plaintiff’s suit will be dismissed at Plaintiff’s costs.”
A review of the record does not support these reasons for judgment in their entirety. Except with respect to the bill for wrecker service and storage, which will he discussed below, plaintiff made out a prima facie case against defendant by virtue of his invoices and his own testimony that the work done on the eight invoices involved was authorized by defendant and was properly performed by him or his employees under his supervision. Olympic Electric Service, Inc. v. Mills, 320 So.2d 274 (La.App. 4th Cir. 1975).
In support of his defense defendant testified that he had no recollection with respect to two invoices for repairs to an air-conditioning unit for a motor home totaling $446.91. He offered no testimony with respect to repairs to a Nova for $7.88, but he acknowledged that he had authorized the work. Regarding certain repairs on an International Harvester truck, he had no recollection relative to an invoice for $126.38 and he said only that he thought he had paid another invoice on that truck for $52.62.
Thus, as to the foregoing items totaling $633.79 the record does not show that the testimony of the parties was “diametrically opposed.” Defendant’s testimony that he did not remember, or that he thought he had paid was insufficient to rebut plaintiff’s prima facie case with respect to these items.
Plaintiff is likewise entitled to recover the sum of $128.25 represented by two invoices for work performed on a Thunderbird automobile. Defendant testified that the work was done poorly but plaintiff testified that the only problem was that the wrong type springs were presented to him by defendant with instructions for him to install those springs. Plaintiff maintains that he does not stand behind parts when they are supplied by the customer. The work of the installation was authorized and defendant did not prove that the installation was improperly or poorly performed. Plaintiff is entitled to recover for this item.
As to an invoice for $105.38, on September 1, 1972, plaintiff testified that this work was authorized by defendant but defendant denied the authorization. The work order and invoice are not signed by defendant but by someone who was not identified by either of the parties. Under these circumstances plaintiff is not entitled to recover this item.
As to the wrecker and storage bill, after defendant’s truck broke down he did order wrecker services from plaintiff, for which plaintiff is entitled to recover in the amount of $35.00. The truck was brought to plaintiff’s shop for repairs. According to plaintiff, after he made an estimate and presented it to defendant the latter refused to have the repairs done, plaintiff then demanded that the truck be removed and informed defendant that he was going to charge for storage, and after a considerable amount of time had passed defendant removed the vehicle without plaintiff’s knowledge. Plaintiff testified further that he based his charges on 50% of the $3.00 daily charge he understood another storage facility was charging. Defendant’s version was that the reason for the truck’s breakdown in the first instance was poor workmanship on the truck previously performed *842 by plaintiff, and that the only reason why the truck was left on plaintiff’s property for such a long period of time was plaintiff’s refusal to repair the truck at his expense or release the truck to defendant. No contract for storage was established between the parties and we agree with the trial judge that the evidence does not support an award to plaintiff for this item.
Summing up, plaintiff is entitled to the sum of $762.04 for the repair items and $35.00 for wrecker service, subject to a credit of $426.80 which plaintiff acknowledged was due defendant, or a balance of $370.24.
Accordingly, the judgment of the trial court is annulled and set aside and it is now ordered that there be judgment in favor of plaintiff, Howard Lindsay, d/b/a L & L Auto Clinic, and against defendant, Herbie Mills, d/b/a Crown Roofing & Coating Co. or Crown Roof Coating Co., in the full and true sum of $370.24, with legal interest from date of judicial demand until paid, and for all costs of these proceedings.
Affirmed in part, reversed in part.